# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

QUINN NGIENDO, )
 )
 **Plaintiff,** )
 )
v. ) Case No. 12-CV-4166-CM-JPO
 )
SOCIAL SECURITY ADMINISTRATION )
and MICHAEL ASTRUE, )
 )
 **Defendants.** )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion to Dismiss Complaint (Doc. 5). Defendants argue that the court should dismiss the complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim for relief. For the reasons set forth below, the court grants in part defendants' motion, remands plaintiff's torts claims to state court, and dismisses the remaining claims for insufficient service of process and failure to state a claim.

### I.     Factual and Procedural Background

Plaintiff asserts claims against the Social Security Administration ("SSA") and Michael Astrue arising out of an incident involving herself and SSA employees at the SSA office located in Topeka, Kansas, in April, 2012. Plaintiff visited the SSA office regarding a business matter involving her disability benefits. While there, plaintiff asserts that an employee, Ms. Lori Needermeyer, became hostile towards her. The incident caused a security guard, Mr. Rene Hernandez, to become involved. Plaintiff contends that Mr. Hernandez shoved her and shut the window in her face. In an attempt to exit the building, plaintiff states that when she tripped and fell onto the ground, Mr. Hernandez landed on her back, knelt on her back, and restrained her. An ambulance was called, and plaintiff was taken to the hospital.

-1-

Plaintiff asserts the following claims in her complaint:

1) Aggravated battery in violation of K.S.A. § 21-3414(a)(1)(C);

2) Fear for plaintiff's personal safety in violation of K.S.A. § 21-3408;

3) Threatened with a deadly weapon in violation of K.S.A. § 21-3410;

4) Cruel and inhuman treatment, torture, illegal confinement and restraint, maiming and disfigurement, intentional infliction of serious bodily injury, all in violation of 18 U.S.C. § 2441;

5) Committing violence against a woman by a man under the "Violence Against Women Act;"

6) Conspiring to interfere with plaintiff's civil rights, interfering with police duties, obstruction of justice and intimidation of plaintiff, deprivation of plaintiff's civil rights, all in violation of 21 U.S.C. §§ 1981, 1983 and 1985; and

7) Abuse of position to deprive plaintiff of her constitutional rights, conspiring with others to intimidate, threaten and oppress plaintiff, all in violation of 18 U.S.C. §§ 241 and 24.

Plaintiff claims that defendants caused severe back injuries as a result of the incident. She demands a money judgment against defendants in an amount in excess of $75,000, in addition to punitive damages, interest, and costs.

Plaintiff originally brought suit in the Third Judicial District of Shawnee County on November 9, 2012. Defendants received notice of the action on December 14, 2012, and removed the matter to this court on December 21, 2012. Defendants filed this motion to dismiss on January 18, 2013. Plaintiff has filed what the court will construe as a response to defendants' motion, requesting also that the court grant her the ability to file an amended complaint.[1] The motion is now ripe for the court's ruling.

---

[1] Plaintiff improperly purports to add defendants she identifies as Carolyn Colvin, Deputy Commissioner, U.S. of America, Eric H. Holder, Jr., U.S. Attorney General, Barry R. Grissom, U.S. Attorney, District of Kansas, to the caption as

**II.	Legal Standards**

Courts construe liberally pleadings filed by pro se plaintiffs. *Haines v. Kerner*, 404 U.S. 519, 520—21 (1972). However, despite the court's liberal construction, pro se plaintiffs must comply with the fundamental requirements set forth in the Federal Rules of Civil Procedure. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

**III.	Discussion**

**A.	Subject Matter Jurisdiction[2]**

When a party challenges the court's subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the party is presenting either a facial or factual attack on the claims. A facial attack is an attack on the sufficiency of the complaint, where the court accepts plaintiff's allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A factual attack is a challenge to the facts supporting subject matter jurisdiction, where the court does not presume that the factual allegations are true, but rather must resolve these facts under Rule 12(b)(1). *Id*. at 1003. The court is allowed to review affidavits and other documents in order to resolve the jurisdictional question. *Id*.

**1.	Torts Claims**

Plaintiff asserts claims against the SSA and its Commissioner for torts committed by employees of the Topeka, Kansas SSA office where the April 22 altercation took place. It is the Federal Torts Claims Act ("FTCA") that "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd*., No. 92-1194, 1993 WL 53548, *2 (Feb. 17, 1993) (citing *Ascot Dinner Theatre Ltd. v. Small Bus. Admin*., 887 F.2d 1024, 1028 (10th Cir. 1989) (additional citations omitted)).

---

defendants. The appropriate manner in which to add parties in a civil case is to file a motion to amend the complaint pursuant to Fed. R. Civ. P. 15. The court will not construe these additional parties in her response to defendants' motion as proper, and will consider only the parties named in the original complaint.
[2] The court must first consider jurisdiction.

#### a. Proper Defendant

Defendants first argue that this court lacks subject matter jurisdiction because plaintiff failed to name the United States as the proper party in her complaint, instead of the SSA or Michael Astrue in his official capacity.[3] As stated above, because plaintiff asserts that government agency employees committed specific torts against her, her torts claims are subject to the FTCA. *Id.* The proper party to a suit involving FTCA claims is the United States, not the government agency or employee. *Hunt v. United States*, No. 01-2462-KHV, 2002 WL 553736, *1 (D. Kan. Apr. 4, 2002) (citing *Wexler*, 1993 WL 53848 at *2). "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Wexler*, 1993 WL 53848 at *2 (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (additional citations omitted)). When plaintiff asserts torts claims against an employee or its respective agency, and not the United States, the court lacks subject matter jurisdiction to hear her tort claims. *Id.* (quotation omitted).

#### b. Failure to Exhaust

Even if plaintiff had properly named the United States in her complaint, defendants argue that this court lacks subject matter jurisdiction over her torts claims under the FTCA because she failed to exhaust her administrative remedies as to those claims. When bringing claims against the United States, the United States must consent to waive its sovereign immunity before it can be sued. *Hunt*, 2002 WL 553736 at *1 (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245-46 (10th Cir. 1989)). The FTCA reflects the government's consent to be sued in certain instances. *See* 28 U.S.C. §§ 1346(b), 2674. The FTCA removes the sovereign immunity of the United States, and gives district courts exclusive jurisdiction to hear suits involving torts claims against federal employees. *Levin v. United States*, __ U.S. __, 133 S. Ct. 1224, 1228 (2013). The FTCA imposes liability on the

---

[3] As of February 14, 2013, Carolyn W. Colvin is the Acting Commissioner of Social Security. Regardless Michael Astrue was neither present at, or aware of the incident that took place between plaintiff and the staff at the SSA office in Topeka, Kansas on April, 2012.

United States "to the same extent as a private individual" under the law in the place the tort occurred. *Id.* (quoting 28 U.S.C. § 1346(b)(1)).

There are, however, limitations to the United States' sovereign immunity. 28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

Courts lack the power to waive the jurisdictional prerequisite set forth by Congress in 28 U.S.C. § 2675(a). *See Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir. 1993) ("[U]nless plaintiff first presented her claims to the proper federal agency and that agency finally denied them, the district court would not have had jurisdiction over plaintiff's FTCA claim").

Plaintiff failed to demonstrate to this court that she has exhausted her administrative remedies with respect to her FTCA claims. The party invoking jurisdiction always bears the burden of demonstrating why the matter should not be dismissed if the opposing party challenges the court's jurisdiction. *Lorenzen v. United States*, 236 F.R.D. 553, 557 (10th Cir. 2006) (citation omitted). In fact, in her response to defendant's motion to dismiss, she admits that she wants nothing to do with resolving the matter through the agency, and will do so only under court order. (Doc. 13 at 4, 13.) Until plaintiff undergoes a proper agency review of her federal torts claims, and receives a final agency determination with a right to sue letter indicating to this court that she has exhausted her administrative remedies, this court lacks subject matter jurisdiction over her FTCA claims. 28 U.S.C. § 2675(a).

Because plaintiff failed to name the United States as the proper defendant in this case, and because she failed to exhaust her administrative remedies regarding her FTCA claims, this court lacks subject matter jurisdiction over plaintiff's FTCA claims. Rather than dismissing plaintiff's FTCA claims, this court must remand plaintiff's FTCA claims to Shawnee County District Court even if remand would be futile. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *see also Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558 (10th Cir. 2000) (quoting *Int'l Primate Prot. League v. Adm'r of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (finding that the plain language of 28 U.S.C. § 1447(c) does not allow the court discretion to dismiss claims for lack of subject matter jurisdiction, but rather requires the court to remand the claims to state court)).

### 2. Remaining Claims

Plaintiff asserts several other claims in her complaint. This court has federal question jurisdiction over the remaining federal claims. Additionally, to the extent there are other state law claims, this court exercises supplemental jurisdiction over those claims as well. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . .")

#### a. Insufficient Service of Process – Remaining Claims

Regardless of whether defendant is the agency or the United States, this court cannot exercise personal jurisdiction over any party if service on that party was insufficient. *Lorenzen*, 236 F.R.D. at 557 (citation omitted). It is the plaintiff's burden to "make a *prima facie* showing that service satisfied the statutory requirements and the constitutional requirement of due process." *Id*. at 558. If plaintiff's showing is insufficient, the court may dismiss the matter without prejudice. *Id*.

When the defendant to a lawsuit is the United States or one of its agencies, there is a special procedure that is required for service. Rule 4(i) of the Federal Rules of Civil Procedure sets out the appropriate method for serving the United States and its agencies.

(1) United States. To serve the United States, a party must:
    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates     in a writing filed with the court clerk—or
    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
(2) Send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.

Plaintiff first filed the case in Shawnee County District Court. Despite her attempt to serve summons to the local SSA office in Topeka, Kansas, she failed to serve summons upon the United States Attorney in Topeka. Additionally, she failed to send a copy of her complaint to the Attorney General of the United States in Washington D.C. Lacking proof that she did in fact properly serve the United States, it is appropriate for the court to dismiss the remaining claims of her complaint for insufficient service of process without prejudice.

### B. Failure To State A Claim

The court dismisses plaintiff's remaining claims for insufficient service of process. However, the court also determines that her remaining claims should be dismissed under Rule 12(b)(6). Under *Bell Atlantic Corp. v. Twombly*, a complaint must include sufficient allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). The Tenth Circuit explained this standard further in *Ridge at Red Hawk, L.L.C. v. Schneider*:

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

493 F.3d 1174, 1177 (10th Cir. 2007). It is plaintiff's burden to generate a "complaint with enough factual matter (taken as true) to suggest" that relief can be granted, and that the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. It is not enough for the court to dismiss a complaint when plaintiff's claims are "remote and unlikely," but rather plaintiff's claims must not be "so general," or "encompass a wide swath of conduct," that plaintiff simply cannot push her "claims across the line from conceivable to plausible." *Id*. at 555, 570. Equally as important, plaintiff's complaint must allege facts sufficient to give defendants notice of her claims under Rule 8(a)(2).

Plaintiff fails to plead enough facts to demonstrate the plausibility of her remaining civil rights claims. For example, she asserts that defendants denied her freedom of speech, however, she does not specify how her freedom of speech was violated by defendants. Instead, she makes a broad statement in her complaint that they denied her freedom of speech when defendants maliciously warned her not to enter any SSA office. (Doc. 1-1 at 5, 7.) Plaintiff fails to demonstrate that this prohibition prevents her from communicating in any other manner with the SSA for personal claims or inquiries.

Plaintiff also fails to offer any support for the litany of other acts or offenses she accuses defendants of committing in violation of her civil rights. She claims that the defendants conspired together to violate her rights, to abuse its position, to interfere with the performance of police duties, and to obstruct justice. Plaintiff has not provided the court with enough facts to support the plausibility of her remaining claims in order to demonstrate that she is entitled to relief. *Twombly*, 550 U.S. at 570. Accordingly, her remaining claims are also subject to dismissal under Rule 12(b)(6).

### C. Leave to Amend/Correct Remaining Claims

Plaintiff asks this court to allow her to amend her complaint to add the United States as a defendant to this lawsuit, and additionally, for a chance to properly serve the defendant(s). Generally

this court would grant plaintiff leave to amend her complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"). However, here it would be futile for the court to grant such a request. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Her opposition is a 15-page, single-spaced diatribe of allegations against defendants. Even assuming all of these allegations appeared in her complaint, she still fails to state a plausible claim over which this court would have jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Complaint (Doc. 5) is granted in part. Plaintiff's claims subject to the Federal Torts Claims Act are remanded to the Shawnee County District Court for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the court dismisses plaintiff's remaining claims that do not fall under the purview of the Federal Torts Claims Act.

**IT IS FURTHER ORDERED** that leave to amend is denied.

**IT IS FURTHER ORDERED** that leave to re-serve is denied.

The case is closed.

Dated this 10th day of April, 2013, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**